UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
 :
UNITED STATES OF AMERICA, :
 :
       -v- : 18-CR-887 (JMF)
 :
JASON RHODES, : MEMORANDUM OPINION
 : AND ORDER
                  Defendant. :
 :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant Jason Rhodes, charged with conspiracy, securities fraud, wire fraud, and investment adviser fraud, *see* Docket No. 8, filed a motion seeking "all documents concerning any coordination between the United States Attorney's Office and the SEC with respect to their investigations into the conduct underlying the allegations in this matter," Docket No. 25, at 8. Rhodes argues that discovery of those documents will reveal "that the government used the civil discovery process in the SEC proceeding to develop the criminal case against Mr. Rhodes." *Id.* at 9. But the government may conduct simultaneous civil and criminal proceedings, so long as it does so in good faith and with the proper procedures. *See United States v. Kordel*, 397 U.S. 1, 6 (1970); *United States v. Gel Spice Co.*, 773 F.2d 427, 432 (2d Cir. 1985); *see also United States v. Hossaini*, 407 F. App'x 556, 559 (2d Cir. 2011) (summary order) (citing *Gel Spice*). As a result, Rhodes is entitled to such discovery only if he can "make a 'substantial preliminary showing' of bad faith." *Gel Spice*, 773 F.2d at 434; *see also United States v. Astrup*, 189 F. App'x 11, 14 (2d Cir. 2006) (summary order) (citing *Gel Spice*). The Court agrees with the Government that, on the present record, Rhodes fails to make that showing.

That said, the Second Circuit adopted the "substantial preliminary showing" standard in a case where the Government had filed multiple affidavits concerning the relationship between the civil and criminal investigations at issue and had submitted documents for the court's in camera review. *See Gel Spice*, 773 F.2d at 431-32, 434. In fact, the Second Circuit even cited one of the Government's affidavits in explaining why the defendant had failed to make the requisite showing for greater discovery. *See id.* at 434; *see also Astrup*, 189 F. App'x at 13-14 (affirming denial of an evidentiary hearing on this issue because of "the strength of the government's submission," which included "an affidavit of the investigating IRS officer").

Mindful of that context, the Court urged the Government to submit an affidavit addressing the relationship between the SEC's investigation and the criminal charges against Rhodes. *See* Docket No. 45, at 12-14. The Government, somewhat reluctantly, accepted the Court's invitation and submitted an affidavit on May 17, 2019. *See* Docket No. 44-1. The Government's affidavit, however, does nothing to advance the ball. The affidavit is submitted by "one of the Assistant United States Attorneys for the Southern District of New York responsible for this matter" and attests that *he* "neither directed nor requested the issuance of the Subpoena" at issue and "had no role in formulating the content of the Subpoena." *Id.* ¶¶ 1, 6. These representations are conspicuously limited to the affiant — they say nothing about the knowledge or involvement of others in the United States Attorney's Office or law enforcement officers involved in the criminal investigation. *See generally id.*

In these circumstances, the Court concludes that the Government should be required to make a more substantial showing in camera. Accordingly, it is hereby ORDERED that, no later than **July 1, 2019**, the Government shall submit another affidavit — to be reviewed in camera — detailing, with specificity, the nature and extent of any and all communications between the SEC

and those involved in the criminal investigation of Rhodes. The affidavit shall have attached to it copies of any such substantive communications. Upon review of those materials in camera, the Court will determine if there is a basis for disclosure to Rhodes.

Finally, because the letter motions filed at Docket Nos. 42 and 43 are, in reality, supplemental briefs that do not request relief from the Court, the Clerk of Court is directed to terminate Docket Nos. 42 and 43.

SO ORDERED.

Dated: June 18, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge